# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

---

MELONIE MEDINA,

          Plaintiff,

-against-

HOSSEIN SHOAPOUR, VLORA SAKIPI and ELRAC, LLC,

          Defendant.

---

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, MELONIE MEDINA (hereinafter, "Plaintiff"), a Texas resident, brings this Complaint by and through her undersigned counsel, against Defendants HOSSEIN SHOAPOUR, VLORA SAKIPI and ELRAC, LLC.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Plaintiff brings this personal injury claim, having suffered serious and grievous injuries as a result of the Defendants' negligence. Specifically, on November 1, 2019, the Plaintiff was traveling in her motor vehicle on the Southern State Parkway when her vehicle was rear-ended by a motor vehicle operated by the Defendant, Hossein Shoapour. The vehicle had been rented by Defendant Vlora Sakipi from Defendant ELRAC, LLC (Enterprise Rent-A-Car) and then entrusted to Mr. Shoapour, an unlicensed and impaired driver. As a result of the Defendants' negligence, the Plaintiff has been forced to undergo extensive medical treatment, multiple surgeries, and months of physical therapy.

## PARTIES

2. Plaintiff is a natural person who is a citizen of the State of Texas, has her permanent residence in the State of Texas and is domiciled in the State of Texas.

3. Defendant Hossein Shoapour is a natural person who is a citizen of the State of New York,

has his permanent residence in the State of New York and is domiciled in the New York.

4. Defendant Vlora Sakipi is a natural person who is a citizen of the State of New York, has his permanent residence in the State of New York and is domiciled in the New York.

5. Defendant, ELRAC, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in New Jersey.

6. Upon information and belief, none of the members of ELRAC are residents of the State of Texas.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this matter pursuant to 28 USC §1332, as this action involves (1) a single Plaintiff, who is a citizen of the State of New York, and (2) Defendants, who are citizens of New York and New Jersey and who are not citizens of the State of New York, and (3) an amount in controversy well exceeding $75,000.00, due to the nature of the serious and debilitating injuries suffered by the Plaintiff.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the subject motor vehicle accident happened in this district, namely on the Southern State Parkway in the town of Oyster Bay, in Nassau County, New York.

## NATURE OF THE ACTION

9. Plaintiff brings this action to recover damages for her serious personal injuries suffered solely as a result of the Defendants' negligence.

## ALLEGATIONS OF FACT

10. Plaintiff repeats and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. On November 1, 2019, the defendant, **Hossein Shoapour**, was the operator of a motor

vehicle, namely a 2019 Ford F-150 pickup truck bearing License Plate JHL6575, registered in the State of New York.

12. On November 1, 2019, the defendant, **ELRAC, LLC**, owned the aforementioned motor vehicle.

13. On November 1, 2019, the defendants, **ELRAC, LLC, Vlora Sakipi and Hossein Shoapour** managed the aforementioned motor vehicle.

14. On November 1, 2019, the defendants, **ELRAC, LLC, Vlora Sakipi and Hossein Shoapour**, were responsible for the repairs and safe operation of the aforementioned motor vehicle.

15. On November 1, 2019, the defendants, **ELRAC, LLC, Vlora Sakipi and Hossein Shoapour**, controlled the aforementioned motor vehicle.

## COUNT I
*(Negligence)*

16. Plaintiff repeats and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

17. On November 1, 2019, at approximately 10:00 p.m., the Plaintiff was operating her vehicle on the westbound side of the Southern State Parkway, near its intersection with Exit 29 in Nassau County, New York.

18. As Plaintiff was properly operating her vehicle on the roadway, the 2019 Ford pickup truck operated by **Hossein Shoapour** recklessly smashed into the rear-end of the Plaintiff's vehicle, pushing her vehicle off into the shoulder of the roadway.

19. The Plaintiff suffered serious, grievous, and permanent injuries as a result of the subject motor vehicle accident.

20. The accident and the injuries resulting therefrom to Plaintiff were caused solely and wholly by direct reason of negligence, recklessness and carelessness of the Defendants, without any negligence on the part of the plaintiff contributing thereto.

21. The above stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the negligence of the Defendants in the ownership, operation, management, maintenance and control of the aforementioned motor vehicle; in operating same without due regard to the rights and safety of the Plaintiff; in operating said motor vehicle in a manner which unreasonably endangered the Plaintiff; in failing to properly steer, guide, manage and control said vehicle; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes or slow down or stop in such a manner as would have prevented the occurrence; in negligently failing to properly maintain the aforementioned motor vehicle; in negligently entrusting the aforementioned motor vehicle to be used and operated by the unlicensed and impaired defendant who then fled the scene of the accident; in failing to have made adequate and timely observation of and response to conditions; in failing to stop before a collision with Plaintiff's vehicle occurred; in failing to obey traffic control devices, particularly a red traffic light, present at the place of occurrence; in failing to observe signs and signals prevailing at the time and place of the occurrence; in failing to keep proper look-out when controlling said vehicle; in failing to properly maintain said vehicle according to law; in failing to give adequate and timely signal, notice or warning; in operating said motor vehicle in violation of the traffic rules, regulations, statutes and ordinances in such cases made and provided; and in

being otherwise careless, reckless, and negligent in the ownership, maintenance, operation and control of said motor vehicle.

22. Solely by reason of the foregoing, the Plaintiff became and was rendered sick, sore, lame and disabled; received severe, serious and permanent injuries in and about diverse parts of her person; experienced great pain and suffering and plaintiff suffered and still suffers from said injuries; and plaintiff have been informed and verily believes said injuries to be of permanent nature; and plaintiff was incapacitated and will continue to be incapacitated from attending to usual duties, hobbies, activities and avocation; and plaintiff were compelled to and did seek hospitalization, medical care and treatment and will require further medical care and treatment in the future; and plaintiff was caused to and did expend diverse sums of money in an effort to cure and heal herself and will in the future be required to incur additional expenses for such medical and other aid; and plaintiff in other ways sustained the loss of diverse sums of money, all of which will continue into the future.

23. The Plaintiff suffered serious, grievous, and permanent injuries as a result of the subject motor vehicle accident, including a torn rotator cuff in her left shoulder, which required surgical intervention and months of rehabilitation to repair.

24. Despite the passage of nearly three years since this motor vehicle accident, Plaintiff still continues to suffer pain and disability as a result of the injuries caused by the Defendants' negligence.

25. Plaintiff's injuries were caused solely by the negligence of the Defendant', and without any negligence on the part of the Plaintiff contributing thereto.

26. As a result of the Defendants' actions, Plaintiff's life and limb has been severely harmed, and the Plaintiff therefore seeks $5,000,000.00 in compensation for those injuries.

## DEMAND FOR TRIAL BY JURY

27. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)   that Plaintiff be awarded a judgment in an amount no less than $5,000,000.00;

(b)   for the costs and disbursements of this action; and

(c)   such other and further relief as this Court may deem just and proper.

Dated:  July 22, 2022

By:   /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Office:   (732) 695-3282
Fax:      (732) 298-6256
Email:    yzelman@MarcusZelman.com
Website:  www.MarcusZelman.com